IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR30 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THIRUGNANAM RAMANATHAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion for a continuance of trial (Filing No. 49) and the motion of the defendant, Thirugnanam Ramanathan (Ramanathan), for an immediate trial setting (Filing No. 48).

The Speedy Trial Act generally requires that the trial of a defendant charged by indictment "shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C § 3161(c)(1).  Section 3161(h)(8)(A) of the Speedy Trial Act allows the court to grant a continuance if the court does so based on its "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The statute also lists factors the court shall consider in determining whether to grant a continuance, including "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(8)(B)(ii). Additionally, the statue recognizes that delay due to outstanding treaty requests for evidence from foreign countries can be a legitimate basis for a continuance.  18 U.S.C. § 3161(h)(9).

In consideration of the Government's motion for a trial setting in six months and the defendant's request for an immediate trial, the court finds that a continuance is warranted. The financial and technological sophistication of the fraudulent scheme in this case, as well as the location of much of the evidence in foreign countries which increases the logistical

complications in presenting the evidence, among other things, warrants a finding by this court that this is a complex case pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii).  For these reasons, the court finds that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established under the Speedy Trial Act and that the ends of justice are served by allowing for a continuance here.

Moreover, the court finds by a preponderance of the evidence that official requests to Hong Kong and Thailand have been made for evidence that support the charges in this case, and it reasonably appears that such evidence is in those foreign countries, or was in those foreign countries at the time those requests were made, and warrants the delay sought by the government pursuant to 18 U.S.C. § 3161(h)(9).

### IT IS ORDERED:

1. The government's motion for a continuance of trial (Filing No. 49) is granted.
2. The defendant's motion for an immediate trial setting (Filing No. 48) is denied.

### IT IS FURTHER ORDERED:

Trial of this matter is continued to **February 5, 2008**, before Judge Laurie Smith Camp and a  jury.  The time between **July 17, 2007 and February 5, 2008**, shall be excluded under the Speedy Trial Act.  The court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  In addition, pursuant to 18 U.S.C. §§ 3161(h)(8) and 3161(h)(9), the court finds that the time between **July 17, 2007 and the trial date** is properly excludable.

### IT IS FURTHER ORDERED:

**On or before November 19, 2007**, the government shall file a report of the status of the MLAT requests to Hong Kong and Thailand.

DATED this 17th day of September, 2007.

> BY THE COURT:
>
> s/Thomas D. Thalken
> United States Magistrate Judge