IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR30 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| THIRUGNANAM RAMANATHAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Appeal (Filing No. 56) of the Magistrate Judge's order denying the Defendant's motion to review the previous order of detention (Filing No. 54). The Defendant also submitted a supporting brief. (Filing No. 57.)

**FACTUAL BACKGROUND**

On December 21, 2006, the Defendant, Thirugnanam Ramanathan, was charged in a Complaint with conspiracy to commit various fraudulent crimes. Following his arrest, he was charged with two codefendants in a multiple count Indictment. The government moved for detention, and Magistrate Judge Thomas D. Thalken granted the motion after an evidentiary hearing, concluding that the Defendant is a flight risk.[1] (Filing Nos. 60, at 12; 37.)

The Defendant then filed a motion to review the detention order, proposing among other things residence with a third party custodian, Dattatreya Somayajula. (Filing No. 42.) An evidentiary hearing was held. (Filing Nos. 61, 62.) The motion was denied because,

---

[1] The written detention order appears to state in error that the Defendant was found to be a danger to the community. (Filing No. 37.) At the hearing, Judge Thalken found only that he was a flight risk. (Filing No. 60, at 12.)

despite the proposed third party custodian, Judge Thalken still considered the Defendant to be a flight risk.  (Filing Nos. 47, 62, at 1-3.)

The Defendant filed a renewed motion to review detention, proposing release to the previously proposed third party custodian.  The Defendant added that the Defendant's wife and daughter would move to the United States and he could then live with his immediate family.  (Filing No. 50.)  The motion was denied, and Judge Thalken noted that the added proposal did not ameliorate his concern that the Defendant is a flight risk.  (Filing No. 54.)

The Defendant then filed an appeal of Judge Thalken's order and a supporting brief. (Filing Nos. 56, 57.)  The Court heard the motion on December 7, 2007.  (Filing No. 80.) The proposed release plan remains unchanged.

*Pretrial Services Report*

The following limited information was obtained from the pretrial services report. The report is very brief, most likely because the Defendant declined to be interviewed by a pretrial services officer until he could consult with his attorney.  The Defendant is not a United States citizen and has no family ties in this country.  He is a native of India and a resident of Malaysia, where his wife and daughter live.  He owns a trucking business in Malaysia.  He has no criminal history.  The Defendant was arrested in Hong Kong and extradited to the United States.  The pretrial services officer recommends detention and believes the Defendant to be both a flight risk and a financial danger to the community.

*Evidentiary Hearing*

Undisputed documentary evidence in the form of an Affidavit of Greg Jensen of the Immigration and Customs Enforcement agency states that the Defendant is a citizen of India and was paroled into the United States for prosecution.  His parole status expired on

June 10, 2007, and the Defendant no longer has legal status to remain in the United States.  At this time, he cannot legally work in the United States.  He is "removable" under the United States immigration code, and he is not entitled to a removal hearing before an immigration judge.  If the Defendant were to depart the United States, United States authorities would be unaware as they do not control exits from this country.  If he were found in another country by law enforcement he would be subject to that country's immigration and criminal laws rather than those of the United States.  If he were released from custody, he could obtain a duplicate passport from an Indian consulate or embassy.  (Filing No. 81.)

## DISCUSSION

### *The Bail Reform Act*

The Court must consider whether the government has shown by a preponderance of the evidence that the Defendant is a flight risk and whether conditions of release or a combination of conditions exist that will reasonably assure the Defendant's presence at future court proceedings.  *United States v. Orta,* 760 F.2d 887, 891 (8th Cir. 1985).  The factors set out in 18 U.S.C. § 3142(g) that the Court must consider include: the nature and circumstances of the alleged offense, including whether the offense is one of violence or involving a firearm; the weight of the evidence against the defendant; the defendant's history and characteristics, including the person's physical and mental condition, family ties, employment, financial resources, length of time in the community and community ties, history of substance abuse, and criminal history; and the "nature and seriousness of the danger to any person or the community" if the defendant were released.  *Orta,* at 891.

***Application to Ramanathan's Case***

In the appeal, the Defendant has not proposed a new plan. Pursuant to NECrimR 46.2(c), this Court has conducted a de novo review of this matter. The Court has reviewed the record in this case, including the Pretrial Services Report and the transcripts of the three previous hearings held before Judge Thalken. After a thorough review of this matter, this Court is primarily concerned with the following: the matters raised in the documentary evidence submitted to the Court at the December 7, 2007, evidentiary hearing; the Defendant's lack of ties to the United States; the Defendant's presence in the United States only for prosecution; the Defendant's lack of ability to obtain employment legally in the United States and consequently the questionable availability of financial support; and his lack of familiarity with the proposed third party custodian. Finally, trial is now scheduled for February 5, 2008, and the government has represented that it intends to go to trial on that date, absent unforeseen circumstances. The Court has considered the options available to the Court in their appropriate sequence, *Orta,* 760 F.2d at 890, and concludes that no reasonable condition or combination of conditions will reasonable assure the Defendant's presence at future court proceedings.

## CONCLUSION

This Court affirms Judge Thalken's order denying the Defendant's renewed motion to review detention, and further finds that the Defendant is a flight risk and that no conditions of release or combination of conditions will reasonably assure his presence at future court proceedings.

IT IS ORDERED:

1. The Defendant's Appeal of the Magistrate Judge's order denying the Defendant's renewed motion to review detention (Filing No. 56) is denied; and

2. The Magistrate Judge's order denying the Defendant's renewed motion to review detention (Filing No. 54) is affirmed.

DATED this 10th day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge