IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR30 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| THIRUGNANAM RAMANATHAN, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the motion to dismiss filed by defendant Thirugnanam Ramanathan (Ramanathan) (Filing No. 65).  Ramanathan is charged in a twenty-three count Indictment along with Jaisankar Marimuthu (Marimuthu) and Chockalingam Ramanathan (C. Ramanathan) with a violation of 18 U.S.C. § 371, a conspiracy to violate various federal statutes including Fraud in Connection with Computers (18 U.S.C. § 1030(a)(4)), Securities Fraud (18 U.S.C. § 1348), and Aggravated Identity Theft (18 U.S.C. § 1028A).  Arrest warrants were issued for each of the defendants.

    On January 26, 2007, Ramanathan was arrested in Hong Kong pursuant to a United States provisional arrest request.  The United States requested extradition of Ramanathan to the United States on the charges set forth in the Indictment, a certified copy of which accompanied the extradition request.  Ramanathan appeared before a Magistrates' Court of the Hong Kong Special Administration Region on March 23, 2007, and consented to the extradition to the United States.  On April 30, 2007, pursuant to Section 13(1) of the Fugitive Offenders Ordinance, Chapter 503, the Honorable Donald Tsang, Chief Executive of the Hong Kong Special Administrative Region signed an Order For Surrender of Ramanathan to the United States "in respect of the following offences - (1) offences involving the unlawful use of computers; and (2) conspiracy to commit offences involving the unlawful use of computers."   Subsequently, Ramanathan was surrendered to United States Marshals who transported Ramanathan to the United States where he appeared in this court on the charges in the Indictment.

    Ramanathan seeks to dismiss Counts 1, 22, and 23 of the Indictment as further prosecution of those charges are barred by the doctrine of specialty which provides that a

defendant may be tried only for the offenses for which he was delivered up by the asylum country.  Ramanathan asserts Count I, the 18 U.S.C. § 371 conspiracy count, and Counts 22 and 23, the 18 U.S.C. § 1028A identity theft counts, were not specified in the Order of Surrender from Hong Kong.

The court held a hearing on the motion on December 7, 2007.  Ramanathan was present with his counsel, Federal Public Defender David R. Stickman.  The United States was represented by Richard D. Green, Joel M. Swartz and Jackie B. Patrick of the U.S. Department of Justice and by Assistant U.S. Attorney Michael P. Norris.  The court took judicial notice of the extradition package on file including the Order of Surrender and received in evidence an affidavit by Lui Zoo Ring Elizabeth Bernice (Exhibit 1).  A transcript of the hearing was prepared and filed on December 19, 2007 (Filing No. 86).

The doctrine of specialty is a limit on the prosecution of offenses for which a fugitive can be tried by the receiving state.  ***United States v. Rauscher***, 119 U.S. 407, 422-23 (1886).  The Eighth Circuit found that the doctrine of specialty "reflects a fundamental concern of governments that persons who are surrendered should not be subject to indiscriminate prosecution by the receiving government . . . ."  ***United States v. Thirion***, 813 F.2d 146, 153 (8th Cir. 1987), (**quoting** ***Fiocconi v. Attorney General***, 462 F.2d 475, 481 (2d Cir. 1972)).  However, the courts should look to a totality of the circumstances under which the surrender order was issued in determining whether the doctrine of specialty has been violated.  ***United States v. Levy***, 905 F.2d 326, 329 (10th Cir. 1990); ***United States v. Flores***, 538 F.2d 939, 945 (2d Cir. 1976).  Article 2, Section 3 of the Hong Kong Extradition Treaty embodies this principle by providing:

> For the purpose of this Article, in determining whether an offence is an offence against the law of the requested Party, the conduct of the person shall be examined by reference to the totality of the acts or omissions alleged against the person without reference to the elements of the offence prescribed by the law of the requesting Party.

In this case, the Hong Kong authorities had considered the detailed criminal complaint along with the Indictment against Ramanathan.  Ramanathan had consented to the extradition.  Prosecution of Ramanathan on all of the charges in the Indictment would not constitute an "indiscriminate prosecution by the receiving government."

The Indictment details the scope and means of the conspiracy using computers to commit the fraud alleged.  Those allegations are essentially realleged in all counts.  The Surrender Order specifies offenses involving the use of computers and a conspiracy to commit those offenses.  There is no requirement that the Hong Kong Surrender Order specify each count of the Indictment.  **See Levy**, 905 F.2d at 328-29. Further, the doctrine of specialty does not bar the government from proving any of the counts by means of a **Pinkerton** theory as claimed by Ramanathan.  The doctrine of specialty does not alter existing rules of evidence or procedure of how the receiving government proves it case.  **Thirion**, 813 F.2d at 153.

The court finds the prosecution of Ramanathan on all of the charges for which he was indicted is not barred by the doctrine of specialty, and his motion to dismiss should be denied.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

Ramanathan's motion to dismiss (Filing No. 65) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 31st day of January, 2008.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge