# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR30 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| THIRUGNANAM RAMANATHAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 109) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motion to dismiss Counts One, Twenty-two and Twenty-three filed by the Defendant, Thirugnanam Ramanathan (Filing No. 65). Ramanathan filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 111, 112) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

## FACTUAL BACKGROUND

Ramanathan is one of three individuals charged in a twenty-three count Indictment. Specifically, Ramanathan is charged with: conspiracy, in violation of 18 U.S.C. § 371 (Count One); computer fraud, in violation of 18 U.S.C. § 1030(a)(4) (Counts Eight and Nine); and aggravated identity theft or aiding and abetting thereof, in violation of 18 U.S.C. §§ 1028A and 2 (Counts Twenty-two and Twenty-three). (Filing No. 5.) In Counts Twenty-two and Twenty-three the government has charged him as a principal, an aider and abettor, and under the *Pinkerton* theory. (Filing No. 5; Filing No. 73, at 5 n.2.)

By way of background, Ramanathan was arrested in Hong Kong under a United States provisional arrest request. The United States requested Ramanathan's extradition

on the charges set out in the Indictment, including a certified copy of the Indictment with the arrest request.  Ramanathan appeared before a Magistrates' Court of the Hong Kong Special Administration Region and consented to his extradition to the United States. Pursuant to Section 13(1) of the Fugitive Offenders Ordinance, Chapter 503, the Chief Executive of the Hong Kong Special Administrative Region signed an Order for Surrender of Ramanathan to the United States "in respect of the following offences - (1) offences involving the unlawful use of computers; and (2) conspiracy to commit offences involving the unlawful use of computers."  (Filing No. 81, Order for Surrender.)  Ramanathan was surrendered and appeared in this Court on the charges in the Indictment.  (Filing No. 29.)

Ramanathan filed a motion to dismiss Counts One, Twenty-two and Twenty-three, arguing that his prosecution under those counts is barred by the doctrine of specialty. (Filing No. 65.)  Ramanathan argued that the doctrine of specialty provides that he may only be tried for the offenses specified by the asylum country, Hong Kong: offenses "involving the unlawful use of computers"; and "conspiracy to commit offences involving the unlawful use of computers."   He further argued that while Counts Eight and Nine are included within those categories, Counts One, Twenty-two and Twenty-three are not. (Filing Nos. 65, 66.)

Following an evidentiary hearing, Judge Thalken recommended denial of the motion to dismiss, issuing a Report and Recommendation in which he concluded: "[p]rosecution of Ramanathan on all of the charges in the Indictment would not constitute an 'indiscriminate prosecution by the receiving government'"; and the Surrender Order's recitation of charges includes those charges in the Indictment that are in question.

2

Ramanathan objects to those conclusions in the Report and Recommendation, raising primarily the same arguments raised before Judge Thalken.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 86). The Court also carefully viewed the evidence.[1] There are no objections to Judge Thalken's factual findings. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

## ANALYSIS

The doctrine of specialty limits the prosecution of offenses for which a fugitive may be tried by the receiving government. *United States v. Rauscher,* 119 U.S. 407, 422-23 (1886). The doctrine, which provides that a defendant may only be tried for the offense for which he was surrendered by the asylum country, seeks to avoid indiscriminate prosecution by receiving countries. *United States v. Zackery,* 494 F.3d 644, 652 n.2 (8th Cir. 2007) (quoting *Leighnor v. Turner,* 884 F.2d 385, 389 (8th Cir. 1989)), *petition for cert.*

---

[1]For future reference, defense counsel shall abide by NECrimR 12.3(b)(2) and 49.2(a)(2) rather than attaching evidentiary material to a brief.

3

*filed,* __ U.S.L.W. __ (U.S. Dec. 4, 2007) (No. 07-8034). As the parties agree, a court must look to the totality of the circumstances under which a surrender order was issued to determine whether a violation of the doctrine of specialty has occurred. *United States v. Saccoccia,* 58 F.3d 754, 767 (1st Cir. 1995). This principle is stated in the Hong Kong Extradition Treaty ("Treaty"): "the conduct of the person shall be examined by reference to the totality of the acts or omissions alleged against the person without reference to the elements of the offence prescribed by the law of the requesting Party." (Filing No. 81, Treaty, Article 2, ¶ (3).)

Under the Treaty, a surrender order "shall identify the offences by reference to the Hong Kong offences falling within the description of offences specified in the schedule to the Ordinance." (Filing No. 81, Affidavit, ¶ 9.) This procedure was followed in Ramanathan's case when the Surrender Order recited the following offenses: "(1) offences involving the unlawful use of computers; and (2) conspiracy to commit offences involving the unlawful use of computers." (*Id.,* ¶¶ 13, 16.) The offenses charged in the Indictment under Counts One, Twenty-two and Twenty-three "based on the facts as revealed in the Request are all offences for which [Ramanathan's] surrender has been ordered (Article 16(1)(a) of the Agreement)." (*Id.* ¶ 17.)

Initially, the Court notes that the twenty-four page Indictment is complex. Ramanathan's argument that the government may prove the statutory elements of Counts One, Twenty-two and 23 without the use of computers is unavailing. Count One, alleging conspiracy under § 371, initially includes a list of definitions of terms including "online brokerage," "Internet Service Providers," and "Internet protocol address." (Filing No. 5, ¶¶ 4-6.) The details of the alleged conspiracy refer, for example, to "access [of] a protected

4

computer," establishing unauthorized online brokerage accounts, and unauthorized online sales of securities. (*Id.*, ¶¶ 10a, 12(b)-(d).) The overt acts, required for proof of the alleged violation of § 371, clearly involve computer use. (*Id.*, ¶ 13.) Counts Twenty-two and Twenty-three, alleging aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2, incorporate ¶¶ 1-9 and 11-13 of the Indictment and therefore clearly involve the use of computers. Therefore, as charged, the elements of Counts One, Twenty-two and Twenty-three cannot be proven without the unlawful use of computers.

Ramanathan also argues that the failure to include the following charges in the Surrender Order further supports the dismissal of Counts One, Twenty-two and Twenty-three: offenses relating to securities and futures trading (Filing No. 81, Treaty, Article 2(xiv)); and offenses involving obtaining property by theft or deception (*Id.*, Article 2(x)). Ramanathan asserts that the absence of these offense descriptions shows the Hong Kong government's intent to limit the scope of Ramanathan's prosecution. This argument must fail. First, "any" of the categories of offenses listed and appearing in the Surrender Order shall support surrender. Therefore, the language of the Agreement indicates that the Hong Kong government's choice of offense descriptions need not be include every possible category of offense. Also, as stated above, Counts One, Twenty-two and Twenty-three clearly fall within the categories chosen by the Hong Kong government for the Surrender Order. Finally, the evidence is unrefuted that the offenses charged in the Indictment "based on the facts as revealed in the Request are all offences for which [Ramanathan's] surrender has been ordered." (Filing No. 81, Affidavit, ¶ 17.)

In conclusion, under the totality of the circumstances Ramanathan's Surrender Order encompassed Counts One, Twenty-two and Twenty-three of the Indictment.

**CONCLUSION**

For the reasons discussed, the Report and Recommendation is adopted in its entirety and the Defendant's motion to dismiss is denied.

IT IS ORDERED:

1.      The Magistrate Judge's Report and Recommendation (Filing No. 109) is adopted in its entirety;

2.      The Statement of Objections to the Report and Recommendation (Filing No. 111) is denied;

3.      The Defendant's Motion to Dismiss Counts One, Twenty-two and Twenty-three (Filing No. 65) is denied.

DATED this 5th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

6